The following was the-Opinion-of this Court.
The Court
is of opinion that the firm of Bressie Lewis Sp Co. consisting, of Bressie Lewis and Edward S. Waddy, was not’responsible, at law, for the debts oí Bressie Lewis Sp Co. consisting of the said Lewis and Daniel R. Waddy; and that-the writing, on- which the judgment sought to be enjoined was recovered, if it is to be considered as a *421 sealed instrument, and as intended to bind the company first above mentioned, was not obligatory on Edward 8. Waddy the appellee, who might have pleaded non estfacturn thereto; and, if not to be considered a sealed instrument, was not binding on him, being given by his partner, without his consent, for a debt not contracted with, or due by the partnership.
The Court is also of opinion, that the appellee wras prevented from making his defence at law-, by the representations of the appellant, as stated in his bill; and which statement, though contradicted by the Answer, is clearly proved by the deposition of Edward Frith, taken and read by consent, (and to which therefore no objection can be made in this Court,) and by adequate circumstances.
The Court is further of opinion, that the mere circumstance that Edward 8. Waddy purchased the interest of his brother in the first firm of Bressie Lewis Co., and that the latter firm of Bressie Lewis <$• Co., in which the appellee was a partner, had received the greater part of the effects sold by the appellant and his partner to the first firm, is not sufficient, in equity, to charge the latter firm with that debt; there being no lien on the property so sold; and it not appearing in this suit, (and to which Daniel R. Waddy is no party,) either that the said latter firm made themselves liable, by contract, for the debts of the former, or that Edward S. Waddy, when he purchased, contracted with his brother to pay his proportion thereof:—and, as it is neither suggested nor shewn, that. Edward S. Waddy is a debtor to his partner Bressie Lewis, who owes this debt, and which money he might apply to the discharge thereof, there is no ground whatever, appealing in tlie case, on which Edward 8. Waddy can bo subjected, in Equity, to the payment of this debt. The decree therefore, so far as it goes, is correct, and must be affirmed, with Costs to the appellee.
The Court is further of opinion, that the appellant has a right to enforce the Judgment at law, against Bressie Lewis; but, as he might be prevented therefrom by the *422 return of the Execution and Delivery bond taken in thh case, the Decree ought to have been extended so as to en~ join the said Lewis from availing himself at law of those circumstances; and this Court, therefore, proceeding to make such farther decree as the Chancery Court ought to have made, it is farther decreed al1d ordered, that Bressie Lewis be enjoined from availing himself at law, of the return made on the Execution issuëd on tke Judg~. meut aforesaid, or of the delivery bond given by the said Edward S. Wadd~j. so as to prevent proceedings against him on the said judgment.